IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KAY HAMPTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-855 |
| | § | |
| the PRUDENTIAL INSURANCE COMPANY | § | Judge Trauger |
| OF AMERICA, | § | Magistrate Judge Griffin |
| | § | |
| the MELLON BANK LONG TERM | § | |
| DISABILITY PLAN, and | § | |
| | § | |
| the CORPORATE BENEFITS COMMITTEE | § | |
| of MELLON BANK CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## JOINT REPORT OF PLANNING MEETING AND PROPOSED CASE MANAGEMENT ORDER

Now come Plaintiff Kay Hampton ("Plaintiff") and Defendants Prudential Insurance Company of America ("Prudential"), Mellon Bank Long Term Disability Plan (the "Plan"), and the Corporate Benefits Committee of Mellon Bank Corporation (the "Plan Administrator") and file this joint report of the parties' meeting, pursuant to Fed. R. Civ. P. 26.

1. Pursuant to Fed. R. Civ. P. 26(f), counsel for all parties have conferred regarding the scheduling matters relevant to this case, including Jeremy L. Bordelon for Plaintiff, Erin P. Polly and Leslie M. Bassett for Prudential, and John R. Kirk for the Plan and the Plan Administrator.

2. The parties agree that this is a case concerning a claim for benefits under a long term disability insurance policy that constitutes an ERISA welfare benefit plan. Pursuant to the procedures set forth in *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998),

1

this case will be decided on cross-motions for judgment. As such, it is unnecessary to set a trial date, or to set other deadlines (such as lists of witnesses or exhibits) that would be associated with a trial date.

3. Jurisdiction is not disputed. The Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).

4. Initial Disclosures. The parties agree that the service of the ERISA administrative record on the other parties will satisfy the requirements of service of initial disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure.

5. Discovery Plan. The Parties jointly propose to the court the following discovery plan:

A. No party has served discovery at this time.

B. This is an ERISA action, and as such, the parties agree that the Court's review is generally limited to a review of the administrative record before the claim decision-maker at the time the decision to deny benefits was made.

Plaintiff acknowledges that the record is closed with respect to additional evidence of disability. However, Plaintiff contends that Sixth Circuit precedent leaves open the possibility of discovery and the court's consideration of evidence of bias or violation of due process on the part of the decision-maker. *Myers v. Prudential Ins. Co. of America*, 581 F.Supp.2d 904, 914 (E.D. Tenn. 2008) (allowing interrogatories and requests for production directed at conflict of interest); *Kinsler v. Lincoln National Life Ins. Co.*, 660 F.Supp.2d 830 (M.D. Tenn. 2009).

Defendants contend that discovery beyond production of the administrative record is neither permissible nor necessary.

To address these concerns, the Parties propose the following schedule with respect to discovery.

C. Prudential shall file the Administrative Record with the Court and serve a copy of same on Plaintiff no later than January 7, 2011. Should Plaintiff have any objection to the content of the filed Administrative Record, such objection shall be filed on or before February 7, 2011.

D. Should Plaintiff seek to undertake any limited discovery as may be allowed in an ERISA action, that discovery will be served on or before February 7, 2011. The Parties will endeavor to resolve any discovery disputes between themselves. Should the Parties be unable to agree as to any requested discovery, Plaintiff or Prudential shall file a motion with the Court with respect to the requested discovery on or before March 24, 2011. No motions concerning discovery are to be filed until after the parties have conferred in good faith in an attempt to reach a resolution.

E. Nothing in this discovery plan will be as a concession by Prudential or the other Defendants that discovery is allowable in an ERISA benefits case.

6. Briefing Schedule. This is a claim for ERISA benefits, and will thus ultimately be decided on the Parties' respective dispositive motions. *Wilkins, supra*. All such motions should be filed by April 8, 2011, or if any motions concerning discovery remains pending with the Court on that date, within sixty (60) days after resolution of discovery motions and the close of discovery. Responses to motions for judgment are due within twenty (20) days of said motions being filed, or by April 28, 2011. Reply briefs will be permitted as in accordance with local rules. Briefing format will likewise conform to local rules except upon leave of court.

7. Other Items.

A. The Parties do not request a conference with the Court before entry of the scheduling order.

B. The parties do not anticipate any need to join additional parties or to amend the pleadings; nevertheless, in the event it is necessary, Plaintiff should be allowed until February 7, 2011 to join additional parties and to amend the pleadings.

C. Defendants should be allowed until February 21, 2011 to join additional parties and to amend the pleadings.

D. Settlement possibilities are unknown at this time. The parties do intend to explore the possibility of settlement in good faith.

Date: December 1, 2010

                                               Respectfully submitted,

|  |  |  |
|---|---|---|
| | BY: | *s/Jeremy L. Bordelon* |
| | | Eric L. Buchanan (BPR #18568) |
| | | R. Scott Wilson (BPR #19661) |
| | | Jeremy L. Bordelon (BPR #28181) |
| | | ERIC BUCHANAN & ASSOCIATES, PLLC |
| ATTORNEYS FOR | | 414 McCallie Avenue |
| PLAINTIFF | | Chattanooga, TN 37402 |
| | | (423)634-2506 |

|  |  |  |
|---|---|---|
| | BY: | *s/Erin P. Polly* |
| ATTORNEYS FOR | | Erin Palmer Polly (Local Counsel) |
| DEFENDANT PRUDENTIAL | | Walker, Tipps & Malone |
| INSURANCE CO. OF AMERICA | | 2300 One Nashville Place |
| | | 150 Fourth Avenue, N |
| | | Nashville, TN 37219-2415 |
| | | (615) 313-6000 |
| | | |
| | | Leslie M. Bassett |
| | | (Pro Hac Vice to be filed 12/2/10) |
| | | The Bassett Law Office LLC |
| | | 850 Ralph McGill Blvd., No. 28 |
| | | Atlanta, GA 30306  404-221-8946 |
| | | |
| | | Sean K. McMahan |
| | | (Pro Hac Vice to be filed 12/2/10) |
| | | Alston & Bird LLP |
| | | One Atlantic Center |
| | | 1201 West Peachtree Street |
| | | Atlanta, GA 30309-3424 |
| | | 404-881-4250 |

|  |  |  |
|---|---|---|
| | BY: | *s/John R. Kirk* |
| ATTORNEYS FOR DEFENDANTS | | John R. Kirk |
| MELLON BANK LTD PLAN and | | Timothy K. Garrett |
| the CORPORATE BENEFITS | | Bass, Berry & Sims |
| COMMITTEE of MELLON BANK CORP. | | 150 Third Avenue South |
| | | Suite 2800 |
| | | Nashville, TN 37201 |
| | | (615) 742-7808 |
| | | Fax: (615) 248-4157 |

_____
United States District Judge